Candelario Rivera Serrano, Plaintiff and Appellee, *v.* Dr. R. Mejías Ruiz et al., Defendants and Appellants.

No. 8561. Argued March 15, 1943.—Decided May 18, 1943.

*Francis & Belaval* for appellants. *F. González Fagundo* and *F. González, Jr.,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an action for damages. Judgment was asked against defendants jointly for one thousand dollars. After the trial, the court adjudged that the defendant Mejías must pay plaintiff one hundred and fifty dollars to be collected exclusively from any participation, right or interest said defendant might have in the conjugal partnership constituted by him and his wife, Carmen Troche; and that the other defendant, Great American Indemnity Co., must pay plaintiff one hundred and fifty dollars, providing that defendant Me-

1

jías would be relieved of responsibility once said payment was made. The present appeal was taken from said judgment.

It is substantially alleged in the complaint that the defendant Mejías was the owner of a Lincoln Zephyr automobile, and that the defendant Great American Indemnity Co. was an insurance company authorized to do business in Puerto Rico; that Mejías was married to Doctor Carmen Troche, the automobile being the property of the conjugal partnership; that said automobile was covered by an accident insurance policy, the Great American Indemnity Co. being obliged to respond for Mejías' liability for accidents caused with said automobile to the sums of five and ten thousand dollars; that on August 25, 1941, the automobile was being driven by Reina, an employee of Mejías, and that Mrs. Mejías was also riding in the car; that when they arrived at kilometer 27 of the Las Piedras-Humacao road, they hit the plaintiff, who was facing opposite the car and standing to the right of the car, which injured him, causing him to lose consciousness; that the accident was caused because the chauffeur was driving the car in a careless and negligent manner, at a great speed, without giving any warning signal, in spite of the fact that the place where the accident occurred was one where many people were accustomed to gather; that as a consequence of the injuries received, plaintiff was hospitalized for fifteen days in the Font Martelo Clinic of Humacao, receiving medical treatment and suffering from intense physical pains and mental anguish; that previous to the accident, he worked as a carpenter earning three dollars a day, and that due to the condition in which he was left after the accident, he would be obliged to abandon his work for three months, and that he had suffered damages in the sum of one thousand dollars.

After being summoned, defendants filed a motion to strike and a petition for a bill of particulars. The plaintiff objected, and the court dismissed the motion to strike and granted, in part, the petition. Defendants then demurred to

the complaint on the ground that it did not state facts sufficient to constitute a cause of action; this being dismissed, they filed their answer to the complaint.

In their answer they admitted that the automobile belonged to Mejías, and denied that it belonged to the conjugal partnership constituted by him and his wife; they admitted that the car was insured, but denied that the Great American Indemnity Co. was obliged by the contract to respond for Mejías or for any other person for the damages caused by the automobile in any accident, alleging to the contrary that the company had only obligated itself to respond for any damages for which Doctor Mejías would be legally and personally responsible; they denied that on August 25, 1941, the car had been driven by the chauffeur Reina as an employee of Mejías and admitted that Mejías wife was in the car: they denied that the accident took place, that the chauffeur was negligent, or that the damages claimed had resulted therefrom.

As special defenses, they alleged that the complaint did not state facts sufficient to constitute a cause of action, and that if the accident occurred, it was due solely to the negligence of the defendant, who was walking on the road in a state of drunkenness and in such a careless manner that he was unavoidably hit by the car.

The issue thus stated, the cause went to trial and as a result of the same the court found that the automobile belonged to the conjugal partnership constituted by Mejías and his wife; that the latter was in the automobile when the accident occurred, and that the accident which caused plaintiff damages, which the court estimates at three hundred dollars, was due to the negligence of the chauffeur, and bearing in mind that the action was not filed against the conjugal partnership but against Mejías personally, and his insurer, entered judgment as noted above.

Appellants ask the reversal of said judgment on the grounds that the court erred in dismissing the demurrer, in weighing the evidence, and in interpreting the applicable law.

██ Is this an action brought against Mejías or against the conjugal partnership of which he is a member? Whether it be one or the other, bearing in mind the state of the law and jurisprudence in Puerto Rico at the time of the accident, we are obliged to decide that appellants' contention is right, and for said reason to reverse the judgment.

We are not concerned here with a commercial enterprise. Consequently, only when the owner of the automobile at the time of the accident was riding in it, could he or his insurer be held liable for damages caused by said accident. Sec. 1803 of the Civil Code (1930 ed.); §17, of the Automobile Law, 1916; *Vélez* v. *Llavina,* 18 P.R.R. 634, 655; *Alicea v. Aboy,* 23 P.R.R. 100; *Truyol and Company* v. *West India Oil Co.,* 26 P.R.R. 321; *Izquierdo* v. *Andrade,* 39 P.R.R. 848; *Izquierdo* v. *Andrade,* 44 P.R.R. 706, 715.

If the action was brought against Mejías personally, as found by the court *a quo,* it cannot prosper because, according to the allegations and the evidence, Mejías was not riding in the car when the accident occurred. And if it was brought against the conjugal partnership, owner of the automobile, it cannot prosper either, as the fact that his wife was in the car does not imply that the owner was present, as the law provides that the conjugal partnership can only be represented by the husband, who is its administrator. Sec. 1312 of the Civil Code (1930 ed.).

No matter what efforts are made—and many were made in the two opinions by the learned judge of the lower court—it is not possible to escape the above conclusions. The appeal therefore must prosper, the judgment appealed from must be reversed, and another rendered instead dismissing the complaint, with costs.